IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                                                                                     OPINION and ORDER

                Petitioner,

                                                                     08-cv-672-slc[1]

      v.

MR. T. SCHAEFER, MR CAHILL, MR. MAICKE,
MR. VANDERMOLEN, GREG BROCKMEYER,
MR. TWOMBLY (LT. TWOMBLY), MR.
BUCHMAN and MR. MCMURTY,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In this lawsuit brought pursuant to 42 U.S.C. § 1983, petitioner James Edward Grant alleges that different respondents violated his constitutional rights by using excessive force against him on different occasions and retaliating against him. Petitioner has requested leave to proceed <u>in forma pauperis</u> and has paid the initial partial filing fee.

        Because petitioner is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if petitioner has had three or more lawsuits or appeals dismissed for lack of legal merit or if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who

---

[1]Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over the case.

by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). However, petitioner is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these defects. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Unfortunately for petitioner, I cannot consider the merits of his complaint at this time because his pleading violates both Rules 8 and 20 of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Petitioner's complaint is relatively short. However, it fails to give respondents notice of what each of them is alleged to have done to violate petitioner's constitutional rights.

In his complaint, petitioner contends that his constitutional rights were violated in numerous ways. For example, he contends that 1) respondent Schaefer gave him 14 disciplinary hearings, injured him on different occasions and made an "unlawful" cell entry, the latter in the presence of respondent McMurty; 2) a ligament was torn in his front tooth; 3) respondent Cahill attacked him while he was in handcuffs with the help of respondent Maicke; 4) respondent Vandermolen placed a block on petitioner's mother's land line phone because petitioner "took his attorney's advice" to call the police; 5) respondent Brockmeyer has fed petitioner "food loaf," "small portions" and "leftovers" on many occasions; 6) respondent Twombly placed petitioner "on restriction" for using the grievance procedure; and 7) respondent Buchman took petitioner to segregation and denied petitioner use of the phone.

As is evident, for some of the claims, petitioner fails to identify *who* was involved in the alleged incident or responsible for the alleged wrongdoing. Rule 8 requires such identification. Many other claims are barebones statements of actions respondents have taken against him without any description of the context of those actions. For each claim, petitioner must describe the *incident*, including when it occurred, identify *who* is involved in or responsible for each incident and describe *how* each person was involved or responsible. Because petitioner's complaint does not comply with Rule 8, I must dismiss it without prejudice. Petitioner is free to file an amended complaint that fixes these problems.

In addition, petitioner will have to fix the problems that arise in his complaint under Fed. R. Civ. P. 20. Under Rule 20, petitioner may not include separate claims against separate defendants in a single suit. As the court of appeals held in George v. Smith, 507 F.3d 605 (7th Cir. 2007), petitioner may join separate claims in a single lawsuit only if they are asserted against the same respondent, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all respondents will arise in the action." Fed. R. Civ. P. 20. Thus, a claim that one set of prison officials engaged in excessive force against petitioner on one occasion does not belong in the same lawsuit as a claim that different prison officials did so on another occasion, or that a third set of prison officials provided him inadequate food.

Petitioner's Rule 8 violations make it impossible for the court to sort out for him which of the respondents belong in any one or more separate lawsuits. The only advice I can offer petitioner if that if he wishes to raise unrelated claims against different respondents, he will have to file a separate lawsuit for each unrelated claim. In addition, when he drafts his separate complaint, the court and the respondents should be able to answer the following questions:

- What happened to make petitioner believe that a particular constitutional right was violated? In what context did it happen?
- Who is responsible for the violation? What did each respondent do?
- What does petitioner want the court to do about the matter?

If petitioner files a proposed amended complaint that complies with Rule 8 but has continuing Rule 20 violations, I will sever the separate claims into separate lawsuits. At that point, petitioner will have to decide which of the separate lawsuits he wishes to pursue, on the understanding that he will be required to pay a filing fee and will expose himself to the risk of earning a strike for any claim that fails to state a claim upon which relief may be granted or is legally meritless.

ORDER

IT IS ORDERED that:

1. Petitioner James Edward Grant's request for leave to proceed in forma pauperis in this action is DENIED because his complaint is in violation of Fed. Rs. Civ. P. 8 and 20.

2. Petitioner may have until January 30, 2009, in which to submit a proposed amended complaint that conforms to the requirements of these rules. If, by January 30, 2009, petitioner fails to respond to this order, the clerk of court is directed to close this case for petitioner's failure to prosecute.

3. If, by January 30, 2009, petitioner submits a revised complaint as required by this order, I will take that complaint under advisement for a determination whether petitioner may proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Entered this 9th day of January, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge