IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES EDWARD GRANT,

                              Petitioner,

          v.

TRENTON SCHAFER,[2]

                              Respondents.

OPINION and ORDER

08-cv-672-vis[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff James Edward Grant has brought this lawsuit pursuant to 42 U.S.C. § 1983, alleging that defendant Trenton Schafer violated his Eighth Amendment rights by using excessive force against him in the process of restraining him to take him to segregation. Now before the court is defendant's motion for summary judgment, dkt. #28. I will grant defendants' motion for summary judgment because no reasonable jury could find that defendant's use of force against plaintiff was excessive under the circumstances.

---

[1] Because the parties declined to allow Magistrate Judge Stephen Crocker exercise jurisdiction over this case, it was set to be reassigned to a visiting judge. However, no particular judge has assumed jurisdiction over the case yet, so I will do so for the purpose of issuing this order.

[2] Although plaintiff identified defendant's last name as "Trenton Schaefer," defendant identifies the proper spelling of his last name as "Schafer." I have amended the caption accordingly.

1

Before turning to the facts, a few words about procedure are in order.  In response to defendant's motion for summary judgment, plaintiff filed a single, unsigned document titled "Summary Judgment," which he described as a "rough draft."  As I explained in a memorandum signed June 25, 2009, this document does not comply with the court's <u>Procedures to be Followed on Motions for Summary Judgment</u> and will not be considered.  Plaintiff declined to file a "final draft" of his summary judgment materials.  Even if plaintiff's document could be considered, it would not help plaintiff's case.  It has no evidentiary value because it is not sworn or signed under penalty of perjury.  Moreover, for the most part, the document simply lists evidence that plaintiff promises to produce at a later date.  Summary judgment is generally not the time to make vague promises about later evidence; it is the time to "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56.  Because plaintiff failed to submit proposed findings of fact or responses to defendant's proposed findings of fact (or any evidence, for that matter), defendant's proposed findings of fact must be taken as undisputed.  <u>Procedure to Be Followed on Motions for Summary Judgment</u>, I.B.4 and II.C, and <u>Memorandum to Pro Se Litigants Regarding Summary Judgment Motions</u>, <u>attached to</u> Preliminary Pretrial Conference Order (Mar. 13, 2009), dkt. #23.

From defendant's proposed findings of fact, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

### A.  <u>Parties</u>

2

At all times relevant to the complaint, plaintiff James Edward Grant was an inmate at the Dane County jail in Madison, Wisconsin.  Defendant Trenton Schafer is a deputy with the Dane County Sheriff's Office who worked at the jail at all times relevant to the complaint.

## B.  <u>The Incident</u>

At approximately 11:50 p.m. on March 30, 2008, defendant and deputies Bruce Miller and Larry Cross entered plaintiff's cell block to move another inmate to medical observation. Plaintiff made comments about the situation, raised his voice, questioned the deputies' actions and disregarded their orders to quiet down and stay out of it.  After the deputies secured the other inmate, defendant told plaintiff that he was being moved to another cell block.  Plaintiff responded with a "barrage of insults, profanity and speculation about defendant's sexual orientation."  Def.'s Aff., dkt. #30, at ¶ 5.

Defendant told plaintiff to lie face down on his bunk and plaintiff complied.  Defendant handcuffed plaintiff without incident and escorted him to the other cell block.  Defendant and the other deputies stopped in front of the cell block to wait for the door to be opened.  Plaintiff pulled away from defendant and stepped about one foot away from defendant.  Defendant told plaintiff not to resist.  Plaintiff turned toward defendant in a way that defendant believed was an attempt to intimidate him.  Defendant told plaintiff to look forward because he believed that plaintiff might spit on him.

As defendant walked with plaintiff in an "escort hold," plaintiff yelled at defendant not to grab his arm.  Defendant and the other escorting deputies waited outside the cell while a

mattress was brought to the cell.  Plaintiff attempted to pull away from defendant again and tensed up the muscles in his right arm.  Defendant pushed plaintiff's upper body against the door outside the cell, "stabilizing" plaintiff's head against the door.  Defendant again told plaintiff not to resist the deputies. Once defendant felt the resistive tension subside, he moved plaintiff into the cell and was able to remove the handcuffs without incident.

Plaintiff did not tell defendant that he was hurt or ask any medical assistance.  Defendant did not observe any injury to plaintiff.  The next day, plaintiff requested medical assistance for alleged injuries he received during the incident.  He was seen by the nurse, who saw no visible injuries.

OPINION

Plaintiff contends that defendant violated his Eighth Amendment rights by using excessive force on him when he transferred him to another cell block.  As an initial matter, it is not clear whether plaintiff's claim is properly construed as arising under the Eighth Amendment or the Fourteenth Amendment.  Although generally excessive force claims in the prison setting involve the Eighth Amendment, if plaintiff was a pretrial detainee at the time of the incident, his excessive force claim arises under the Fourteenth Amendment's due process guarantee rather than the Eighth Amendment.  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Dorsey v. St. Joseph County Jail Officials, 98 F.3d 1527, 1528 (7th Cir. 1996).  Nevertheless, because the standards governing excessive force claims under the Fourteenth and Eighth Amendments are roughly the same, Wilson v. Williams, 83 F.3d 870, 875 (7th Cir. 1996), the distinction is a fine

4

one.  To determine whether prison officials' use of force on a prisoner was "excessive" in violation of the Eight Amendment, a court must determine "whether [the] force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  <u>Whitley v. Albers</u>, 475 U.S. 312, 320 (1986). The factors relevant to making this determination include:

- the need for the application of force;

- the relationship between the need and the amount of force that was used;

- the extent of injury inflicted;

- the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and

- any efforts made to temper the severity of a forceful response.

<u>Id.</u> at 321.  Under the Fourteenth Amendment, the question is whether defendant's actions amount to "a deliberate act intended to chastise or deter" or at least "reckless disregard for [plaintiff's] rights."  <u>Wilson</u>, 83 F.3d at 875 (citations omitted).

In this case, the facts do not support a finding of excessive force under either standard. Defendant restrained plaintiff to place him in another cell block after plaintiff became disruptive and disobeyed orders.  The only force of defendant's that is even slightly questionable is defendant's decision to "stabilize" plaintiff by pushing him into the wall.  Although defendant says that he "stabilized" plaintiff's head against the wall, a fair reading of that vague term is that he placed plaintiff's head against the wall with some force.  Even so, defendant "stabilized" plaintiff's head only after plaintiff had attempted to release defendant's escort hold on plaintiff

5

twice and had once turned toward defendant in what appeared to be an intimidating manner. Shoving an inmate against the wall after he twice attempts to escape, even if the shove results in plaintiff's head striking the wall with some force, cannot be said to be "malicious and sadistic," "intended to chastise or deter" or "reckless disregard."  Nothing in the record suggests that the force used when shoving plaintiff against the wall was any more than what was necessary to restrain him.  As soon as plaintiff relaxed, he was removed from the wall and placed into the cell.  Moreover, he did not have any visible injuries from the incident.  Because plaintiff has failed to adduce evidence that would allow a reasonable jury to find that defendants used excessive force against him, defendant's motion for summary judgment will be granted.


ORDER

IT IS ORDERED that the motion for summary judgment filed by defendant Trenton Schafer, dkt. #28, is GRANTED.  The clerk is directed to enter judgment in favor of defendant and close this case.

Entered this 23d day of July, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6